1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TOMMY LEE BIBBS,

11            Petitioner,                    No. CIV S-06-0841 MCE GGH P

12        vs.

13   THE PEOPLE OF THE STATE
     OF CALIFORNIA,
14
              Respondents.[1]              ORDER AND
15
     _____/      FINDINGS & RECOMMENDATIONS
16
              Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of

17
     habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis

18
     pursuant to 28 U.S.C. § 1915.  Petitioner has submitted a declaration that makes the showing

19
     required by § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

20

21          [1] "A petitioner for habeas corpus relief must name the state officer having custody of him
     or her as the respondent to the petition.  This person typically is the warden of the facility in
22   which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th
     Cir.1992)."  Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule
23   2(a), 28 U.S.C. foll. § 2254).  Failure to name the petitioner's custodian as a respondent deprives
     federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989).
24   In the instant action, petitioner has improperly named the People of the State of California, rather
     than the warden of facility wherein he is incarcerated, as respondent.  Petitioner is cautioned that
25   should he return to this court after exhaustion, he should name the proper respondent.  Failure to
     do so may result in the dismissal of the petition with leave to amend.  See Stanley, 21 F.3d at
26   360.

                                              1

1   28 U.S.C. § 1915(a).

2       Petitioner is challenging his guilty plea and sentence for second degree robbery

3   (Cal. Penal Code § 212.5(c)) and for personally inflicting great bodily injury on a person other

4   than an accomplice in the commission of a felony (or attempted felony) (Cal. Penal Code §

5   12022.7(a) in San Joaquin County Superior Court on November 19, 2003.  Form Petition, p. 2.

6   Petitioner was sentenced under Cal. Penal Code § 667.5(b) for a prior nonviolent offense (or

7   offenses).  Id.  Petitioner also list offenses for receiving stolen property (Cal. Penal Code §

8   496(a)) and forgery (Cal. Penal Code § 470).  Id.  It is unclear whether or not petitioner lists these

9   last two offenses as those offenses which served to enhance his sentence under Cal. Penal Code §

10  667.5(b).

11      Petitioner states only that he appealed the conviction/sentence to the Third District

12  Court of Appeal, checking the box that indicated that he filed no other appeal.  Form  Petition, p.

13  3.  He states that the appeal on denied in November of 2004.  Petitioner indicates no other filing

14  on the form petition except to check the box "yes" for a first petition indicating he appealed to

15  the highest court having jurisdiction.  He does not, however, provide any date for any such filing

16  or decision; his conflicting, ambiguous and scanty information leads the court to conclude that

17  petitioner has failed to exhaust state court remedies as to his claims.

18      The exhaustion of state court remedies is a prerequisite to the granting of a

19  petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

20  be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[2]  A waiver of exhaustion,

21  thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

22  providing the highest state court with a full and fair opportunity to consider all claims before

23  presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

24  Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

25  ───────────────

26      [2]  A petition may be denied on the merits without exhaustion of state court remedies.  28
U.S.C. § 2254(b)(2).

2

1    After reviewing the petition for habeas corpus, the court finds that petitioner has

2  failed to exhaust state court remedies.  The claims have not been presented to the California

3  Supreme Court.  Further, there is no allegation that state court remedies are no longer available to

4  petitioner.  Accordingly, the petition should be dismissed without prejudice.[3]

5    Good cause appearing, IT IS HEREBY ORDERED that:

6    1.  Petitioner is granted leave to proceed in forma pauperis;

7    2.  The Clerk of the Court is directed to serve a copy of these findings and

8  recommendations together with a copy of the petition filed in the instant case on the Attorney

9  General of the State of California; and

10    IT IS HEREBY RECOMMENDED that petitioner's application for a writ of

11  habeas corpus be dismissed for failure to exhaust state remedies.

12    These findings and recommendations will be submitted to the United States

13  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

14  twenty days after being served with these findings and recommendations, petitioner may file

15  written objections with the court.  The document should be captioned "Objections to Findings

16  and Recommendations."  Petitioner is advised that failure to file objections within the specified

17  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

18  (9th Cir. 1991).

19  DATED: 5/18/06

            s/ Gregory G. Hollows
20
            _____
21          GREGORY G. HOLLOWS
            UNITED STATES MAGISTRATE JUDGE
22  GGH:009 - bibb0841.103

23  _____

24    [3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of
limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one
year period will start to run on the date on which the state court judgment became final by the
25  conclusion of direct review or the expiration of time for seeking direct review, although the
statute of limitations is tolled while a properly filed application for state post-conviction or other
26  collateral review is pending.  28 U.S.C. § 2244(d).